AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT    ☒ SUPERSEDING

—— OFFENSE CHARGED ——

33 U.S.C. § 1908(a) -- Act to Prevent Pollution from Ships
18 U.S.C. § 2 -- Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: $500,000 or twice the gross gain or gross loss ($1.65 million), whichever is greater; 5 years of probation; potential forfeiture; $400 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

—— DEFENDANT - U.S ——

▶ UNIX LINE PTE, LTD

DISTRICT COURT NUMBER
CR 19-0559 JST

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)
U.S. Coast Guard Investigative Service

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Katherine M. Lloyd-Lovett

—— DEFENDANT ——

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction       ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED  FEB 19 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:           Before Judge:

Comments:

DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED

FEB 19 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-0559 JST |
| Plaintiff, | VIOLATION: |
| v. | 33 U.S.C. § 1908(a) – Act to Prevent Pollution from Ships; |
| UNIX LINE PTE, LTD., | 18 U.S.C. § 2 – Aiding and Abetting |
| Defendant. | OAKLAND VENUE |

## SUPERSEDING INFORMATION

The United States Attorney charges:

The following statements are true at all times relevant to this Superseding Information:

INTRODUCTION

    **A.**    **THE DEFENDANT**

    1.    Defendant **UNIX LINE PTE, LTD. ("UNIX")**, a Singapore-domiciled company with offices at 5 Shenton Way, #15-01, Singapore, 068808, was the operator of a fleet of ocean-going vessels including the MOTOR TANKER ("M/T") ZAO GALAXY, a 16,408 gross-ton, ocean-going oil tankship, with International Maritime Organization Number 9566150, registered under the flag of the Marshall Islands.

SUPERSEDING INFORMATION

B.   **THE VESSEL**

2.      The M/T ZAO GALAXY was engaged in international commercial cargo transportation, including within the Northern District of California, and elsewhere. The vessel crew consisted of, among others, a Master, a Chief Engineer, a First Assistant Engineer, a Second Assistant Engineer, a Third Assistant Engineer, several lower-level crewmembers known as "Oilers," and an Engineering Cadet. The "Oilers" were referenced variously, for example, as "Oiler A," "Oiler B," "Oiler 1," and "Oiler 2."

3.      The Master, Chief Engineer, First Assistant Engineer, as well as the crew that served onboard the M/T ZAO GALAXY, acted as employees and agents, within the scope of their employment and agency, on behalf of, and for the intended benefit of, at least in part, Defendant **UNIX**.

LEGAL FRAMEWORK

4.      The United States is part of an international regime that regulates marine pollution, including the discharge of oil from vessels at sea, known as the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 ("MARPOL"). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et seq*. The regulations promulgated under APPS apply, in part, to all commercial vessels over 150 gross tons that carry oil in bulk as cargo while operating in United States waters, or while at a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

5.      The regulations define "oil" as "petroleum whether in solid, semi-solid, emulsified, or liquid form, including but not limited to, crude oil, fuel oil, sludge, oil refuse, oil residue, and refined products, and, without limiting the generality of the foregoing, includes the substances listed in Appendix I of Annex I of MARPOL." 33 C.F.R. § 151.05. "Oil residue (sludge)" is defined in the regulations as "the residual waste oil products generated during the normal operation of a ship such as those resulting from the purification of fuel or lubricating oil for main or auxiliary machinery, separated waste oil from oil filtering equipment, waste oil collected in drip trays, and waste hydraulic and lubricating oils." *Id*. Oil residue is routinely generated on large commercial vessels, such as the M/T ZAO GALAXY, through normal operation of the vessels' engines and other machinery.

6. During the course of normal operations, large oil tanker vessels also routinely generate "oily bilge water," which is defined as water which may be contaminated by oil resulting from conditions and operations such as leakage and maintenance work in machinery spaces. 33 C.F.R. § 151.05. Any liquid entering the bilge system including bilge wells, bilge piping, tank top or bilge holding tanks is considered "oily bilge water." 33 C.F.R. § 151.05. This "oily bilge water," which is sometimes referred to as "machinery space bilge water," is collected, stored, and processed to separate water from the oil and other wastes using a pollution prevention control device known as an Oil Water Separator ("OWS"), and an oil-sensing device known as an Oil Content Meter ("OCM"). Oily bilge water may be discharged overboard but only after passing through an OWS that limits the discharged effluent to 15 parts per million ("ppm") of oil or less, as measured by the OCM. If the OCM detects an oil content of greater than 15 ppm in the effluent, it sounds an alarm, shuts down the pumps, and/or diverts flow back to the bilges or a bilge tank in order to prevent the discharge into the sea of oil in an amount greater than 15 ppm.

7. MARPOL requires that for any oil tanker of 150 gross tons or more, any discharge overboard or disposal otherwise of bilge water that has accumulated in machinery spaces be recorded in an Oil Record Book ("ORB"), on a tank to tank basis as appropriate. 33 C.F.R. § 151.25(d)(4). Any failure of the oil filtering equipment, such as the OWS, must be recorded in the ORB along with the reason(s) for the failure. 33 C.F.R. § 151.25(d)(6). In addition, in the event of any emergency, accidental, or other exceptional discharge of oil or oily mixture, a statement shall be made in the ORB of the circumstances of, and the reasons for, the discharge. 33 C.F.R. § 151.25(g). Each discharge must be fully recorded without delay so that all entries in the ORB appropriate to the operation are completed. 33 C.F.R. § 151.25(h). Each completed operation shall be signed by the person or persons in charge of the operation, and each completed page signed by the Master or other person having charge of the ship. 33 C.F.R. § 151.25(h). The Master or other person having charge of a ship required to keep an ORB shall be responsible for the maintenance of such a record. 33 C.F.R. § 151.25(h).

8. It is unlawful to act in violation of MARPOL, APPS, or implementing regulations. 33 U.S.C. § 1907(a). Any person who knowingly violates MARPOL, APPS or implementing regulations commits a Class D felony. 33 U.S.C. § 1908(a).

SUPERSEDING INFORMATION     3

9. The United States Coast Guard ("USCG"), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law, including MARPOL and APPS. In conducting inspections, commonly known as Port State Control examinations, USCG personnel rely on the statements of the vessel's crew and documents, including information contained in the ORB. The USCG is specifically authorized to examine a vessel's ORB to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate operating procedures; whether it poses any danger to United States' ports and waters; and whether the vessel has discharged any oil or oily mixture in violation of MARPOL, APPS, or any applicable federal regulations. 33 U.S.C. § 1907(c); 33 C.F.R. § 151.23(a)(3) and (c).

10. Oil tanker vessels such as the M/T ZAO GALAXY must have a document known as a "Certificate of Compliance" onboard in order to engage in commercial commerce in the United States. 46 U.S.C. § 3711. The "Certificate of Compliance" is issued to the vessel upon successful completion of a "Certificate of Compliance" inspection, which includes observation and inspection of the engine room, pollution prevention equipment, and operation of the pollution prevention equipment. The purpose of the "Certificate of Compliance" is to ensure that the vessel is compliant with United States pollution prevention regulations.

COUNT ONE:   (33 U.S.C. § 1908(a) -- Act to Prevent Pollution from Ships; 18 U.S.C. § 2 -- Aiding and Abetting)

11. Paragraphs 1 through 10 of this Indictment are specifically incorporated and re-alleged herein.

12. On or about February 11, 2019, within the Northern District of California, and elsewhere, Defendant **UNIX**, acting through its agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of **UNIX**, did knowingly fail and cause the failure to maintain an accurate Oil Record Book for the M/T ZAO GALAXY, that properly recorded: (a) discharges overboard of oily bilge water without the use of properly functioning oil filtering equipment;

SUPERSEDING INFORMATION            4

and (b) all discharges overboard of oil residue (sludge). Specifically, the Defendant failed to record and caused the failure to record that discharges of oily bilge water and oil residue (sludge) had been made without using a properly functioning Oil Water Separator, in violation of Title 33, Code of Federal Regulations, Section 151.25; Title 33, United States Code, Section 1908(a); and Title 18, United States Code, Section 2.

13. Defendant **UNIX** gained, as a result of charge in Count One, at least $825,000.00, all of which constitutes a gain pursuant to the Alternative Fines Act, 18 U.S.C. § 3571.

DATED: February 19, 2020

_____
KATHERINE LLOYD-LOVETT
Assistant United States Attorney
ANDREW BRIGGS
Special Assistant United States Attorney

_____ /for
KENNETH E. NELSON
Senior Trial Attorney
Environment & Natural Resources Division
Environmental Crimes Section

SUPERSEDING INFORMATION             5